IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| SAMUEL LEE LEWIS, | : | |
| Petitioner, | : : | |
| v. | : : | No. 5:15-cv-00193-MTT-CHW |
| DENNIS BROWN, | : : | Proceedings Under 28 U.S.C. § 2254 Before the U.S. Magistrate Judge |
| Respondent. | : : | |

**REPORT AND RECOMMENDATION**

On May 26, 2015, Petitioner, Samuel Lee Lewis, filed a federal habeas action pursuant to 28 U.S.C. § 2254. Doc. 1. Respondent, Dennis Brown, filed a motion to dismiss as untimely on August 26 2015, (Doc. 9) alleging that Petitioner failed to comply with the 1-year period of limitations applicable to Section 2254 habeas actions. Because Petitioner failed to file his Petition within the 1- year period of limitations prescribed by the Antiterrorism and Effective Death Penalty Act, 28 U.S.C. § 2244(d), it is **RECOMMENDED** that Respondent's Motion to Dismiss as Untimely be **GRANTED**. Doc. 9

I. Procedural History

On April 8, 1999, Petitioner was sentenced to two life sentences without the possibility of parole following a jury trial in which he was found guilty of two counts of Armed Robbery.[1] Doc. 1, p. 1. Petitioner appealed to the Court of Appeals of Georgia alleging ineffective assistance of counsel and challenging the sufficiency of the evidence, but Petitioner's appeal was denied on May 4, 2001. See *Lewis v. State*, 249 Ga. App. 488 (2001). Petitioner contends that he appealed to the Supreme Court of Georgia, provides the docket number 2013-cv-430, and

---

[1] Petitioner and Respondent allege that the date of his conviction was in April 1999 (Doc. 1, p. 1; Doc. 9, p. 1), but the conviction is not in the record.

1

states that the decision denying his appeal was issued on October 20, 2014.[2] However Petitioner does not provide supporting evidence that he appealed to the Georgia Supreme Court on direct review. Instead, 2013-cv-0430 is the docket number given to Petitioner's habeas action in Lowndes County.[3] Doc. 10-2, p. 430. Petitioner' state habeas action was heard in Lowndes County on July 11, 2013, and his application was denied on July 14, 2014. Doc. 10-2. Petitioner's state habeas action was dismissed as untimely. The Court found that Petitioner had until July 1, 2008, to file, but Petitioner did not file until March 18, 2010. Doc. 10-2, p. 3. Petitioner next petitioned the Supreme Court of Georgia for a Certificate of Probable Cause to appeal the denial of his state habeas action, but that petition was denied on October 20, 2014. Doc. 10-3. Approximately seven months later, Petitioner filed this application for federal habeas relief.

II. AEDPA's Limitations Period

The Antiterrorism and Effective Death Penalty Act ("AEDPA") imposes a 1-year limitations period on petitions for habeas corpus relief under 28 U.S.C. § 2254. *See* 28 U.S.C. § 2244(d)(1). Ordinarily, as here, AEDPA's 1-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

Petitioner was convicted on April 8, 1999, and his direct appeal was denied on May 4, 2001. Pursuant to Rule 38[4] of the Georgia Supreme Court, Petitioner had ten (10) days from the

---

[2] This is the date that Petitioner's Certificate of Probable Cause to appeal denial of his state habeas application was decided. Doc. 10-3.

[3] Petitioner also states that the basis of the decision was "Montgomery v. Tremblay 249 Ga. 483, Bodie v. State, 259 Ga. 676, Judge v. State, 255 Ga. 174, Turpin v. Todd, 268 Ga. 820, Taylor v. State, 262 Ga. 584." Doc. 1, p. 2. These are the five cases cited in the state habeas court's decision. Doc. 20-2, pp. 1 – 4.

[4] "Notice of intention to petition for a writ of certiorari shall be filed with the Clerk of this Court within 10 days after the judgment or, if motion for reconsideration is filed, within 10 days after the order ruling on reconsideration. Filing a motion for reconsideration is not a prerequisite for filing a petition for writ of certiorari." Ga. Supreme Court Rule 38.

2

date of judgment to file notice of his intention to petition for a writ of certiorari. Petitioner did not pursue a writ of certiorari. Thus, Petitioner's conviction became final on May 14th, 2001, the date on which Petitioner's opportunity to seek direct review expired, and the 1-year period prescribed by AEDPA began to run. Petitioner had until May 14th, 2002, to file his federal habeas application or otherwise take action to toll AEDPA's clock. Petitioner waited until March 18, 2010, to file his state habeas application. Thus, without equitable tolling, the one-year limitations period prescribed by AEDPA had already expired at that time. His petition was over seven years too late even if the state habeas action had a tolling effect. Therefore, the instant action is untimely.

Although the instant federal habeas petition is untimely, District Courts may equitably toll AEDPA's limitations period where a petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *See Holland v. Florida*, 560 U.S. 631, 645, 649 (2010). Petitioner asserts that he was unable to file his state habeas action because he was not given a copy of his trial transcripts following his failed appeal. Lacking access to his trial transcripts does not entitle a Petitioner to equitable tolling. *Gillman v. Secretary, Florida Dept. of Corrections*, 576 F. App'x 940, 944 (11th Cir. 2014); see also *Hall v. Warden, Lebanon Correctional Inst.*, 662 F.3d 745 (6th Cir. 2011) (citing *Inglesias v. Davis*, 2009 WL 87574 (6th Cir. 2009)); *Lloyd v. Van Natta*, 296 F.3d 630 (7th Cir. 2002). "Access to transcripts and trial materials is not necessary to file a habeas petition," *Reynolds v. McLaughlin*, 2013 WL 3756473, at *2 (M.D. Ga. 2013), and Petitioner does not argue why he required a copy of his transcripts prior to commencing his federal habeas action. Petitioner does not once cite to the transcript of his plea hearing in his present habeas complaint. Thus, Petitioner is not entitled to equitable tolling due to Petitioner's lack of access to transcripts.

Petitioner argues that he is entitled to have his application heard despite its untimeliness because he is actually innocent. "Actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar or . . . expiration of the statute of limitations." *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1928 (2013) (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)). The Eleventh Circuit recognizes at least three types of actual innocence claims. The first is when actual innocence is "itself the constitutional basis of the habeas petition," the second uses actual innocence as a gateway to consideration of claims procedurally defaulted in state court, and the third claims "actual innocence should serve as a gateway to consideration of constitutional claims time-barred under AEDPA's one-year limitation period. *Rozzelle v. Secretary, Florida Dept. of Corrections*, 672 F.3d 1000, 1011 (11th Cir. 2012). In the second type of actual innocence claim, Petitioner must show either cause and prejudice or a miscarriage of justice because of actual innocence. *Id*. In the third type, Petitioner must present new evidence to show that it is more likely than not that no reasonable juror would have voted guilty. *Id*.

Here, Petitioner has not alleged enough to make out a factual innocence claim. In his original petition Petitioner raises numerous grounds for relief, including ineffective assistance of trial counsel, ineffective assistance of appellate counsel, unconstitutional arrest, search, and seizure, failure to raise issue of probation at sentencing, failure of counsel to petition sentencing judge to suspend maximum sentence, as well as a defective indictment. See Doc. 1. None of these claims amount to an actual innocence claim. Petitioner asserts his actual innocence claim in his response to Respondent's motion to dismiss. Doc 12. However, Petitioner does not allege a single fact in support of his actual innocence claim. Petitioner does not allege enough for this court to even determine which of the three types of actual innocence claims his case would be

encompassed by. Therefore, Petitioner has failed to make a sufficient showing of a constitutional or gateway claim of actual innocence by which he could overcome untimeliness. See *Johnson v. Florida Department of Corrections*, 513 F.3d 1328 (11th Cir. 2008) (to successfully plead actual innocence, Petitioner most demonstrate that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt) (internal citations omitted).[5]

Therefore, it is **RECOMMENDED** that Respondent's Motion to Dismiss as Untimely (Doc. 9) be **GRANTED** and that the instant petition be **DISMISSED** as **UNTIMELY**. Additionally, Pursuant to the requirements of Rule 11 of the rules governing Section 2254 cases, it does not appear that Petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *see also Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). Therefore, it is **FURTHER RECOMMENDED** that the Court deny a certificate of appealability in its final order.

Finally, pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation with the District Judge to whom this case is assigned within fourteen (14) days after being served with a copy thereof. The District Judge shall make a de novo determination of those portions of the Recommendation to which objection is made. All other portions of the Recommendation may be reviewed for clear error.

The parties are further notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and

---

[5] Petitioner also asserts multiple ineffective assistance of counsel claims in the substance of his complaint. While Petitioner does not argue ineffective assistance of counsel as a basis for tolling, the factual basis of these claims could be relevant to equitable tolling because "inadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Hamm v. Commissioner, Alabama Dept. of Correction*, 2015 WL 4605112, at *22 (11th Cir. 2015) (citing *Martinez v. Ryan*, 132 S.Ct. 1309 (2012). Here, the bar to Plaintiff's claim is AEDPA's 1-year limitations period rather than a procedural bar, therefore the exception does not apply. *Arthur v. Thomas*, 739 F.3d 661, 630 (11th Cir. 2014) (the "rule explicitly relates to excusing a procedural default of ineffective-trial-counsel claims and does not apply to AEDPA's statute of limitations or the tolling of that period.").

recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

    **SO RECOMMENDED**, this 15th day of December, 2015.

                                            s/ Charles H. Weigle
                                            Charles H. Weigle
                                            United States Magistrate Judge