# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

SAMUEL LEE LEWIS, :
:
      Petitioner, :
: CIV. NO. 5:15-CV-00193-MTT-CHW
VS. :
:
DENNIS BROWN, :
:
      Respondent. :

## ORDER

Presently pending before the Court is *pro se* Petitioner Samuel Lee Lewis's motion for leave to proceed *in forma pauperis* on appeal (ECF No. 29). Petitioner apparently seeks to appeal the August 8, 2018 Order of the United States Magistrate Judge denying Petitioner's post-judgment motion to amend his habeas corpus petition (ECF No. 25).

This Court referred Petitioner's motion to amend to the United States Magistrate Judge pursuant to the "additional duties" provision of 28 U.S.C. § 636(b)(3). This referral of a non-dispositive, post-judgment matter is appropriate "so long as the district judge retains the ultimate responsibility for decision making." *Gaiters v. City of Catoosa*, 226 F. App'x 826, 829 (10th Cir. 2007) (unpublished opinion) (citing *Colo. Bldg. & Constr. Trades Council v. B.B. Anderson Constr. Co.*, 879 F.2d 809, 811 (10th Cir. 1989)). Because section 636(b)(3) "does not define the appeal standard or mechanics," some courts "invoke the *de novo* standard of Rule 72(b)" while others "compare the

particular duty to the dispositive/nondispositive dichotomy [of 28 U.S.C. § 636(b)(1)(A) and (b)(1)(B)] and apply the closest analog." *In re ClassicStar Mare Lease Litig.*, 5:06-CV-243-JMH, 2017 WL 27455, at *7 (E.D. Ky. Jan. 3, 2017). The Court in this case will assume that the *de novo* standard applies. *See Colo. Bldg. & Constr. Trades Council*, 879 F.2d at 811; *see also Glover v. Ala. Dep't Corr.*, 734 F.2d 691, 693 (11th Cir. 1984), *vacated and remanded on other grounds*, 474 U.S. 806 (1985), *relevant portion of judgment reinstated*, 776 F.2d 964 (11th Cir. 1985) (noting that 28 U.S.C. § 636(b) "provides for *de novo* review of the magistrate's findings and recommendations by the district court"); *McGill v. Goff*, 17 F.3d 729, 732 (5th Cir. 1994) (internal quotation marks omitted), *overruled on other grounds by Kansa Reinsurance Co. v. Congr. Mortg. Corp. of Tx.*, 20 F.3d 1362 (5th Cir. 1994) (noting that 28 U.S.C. § 636 "does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a *de novo* or any other standard"). And, after conducting a *de novo* review of Petitioner's submissions and the record in this case, the Court concludes that the Magistrate Judge correctly denied Petitioner's post-judgment motion for leave to amend his habeas petition.

The Court also recognizes that Petitioner's motion to amend could be construed as a second or successive habeas petition. *See, e.g., Hubbard v. Campbell*, 379 F.3d 1245, 1245 (11th Cir. 2004) (per curiam). Pursuant to 28 U.S.C. §§ 2254 and 2244, as amended by §§ 105 and 106 of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), however, "[b]efore a second or successive application [for a writ of habeas corpus] is filed in the district court, the applicant shall move in the appropriate

court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); *see also Guenther v. Holt*, 173 F.3d 1328, 1330 (11th Cir. 1999), *cert. denied*, 528 U.S. 1085 (2000). It does not appear, and Petitioner does not allege, that he has received an order from a three-judge panel of the Eleventh Circuit Court of Appeals authorizing this Court to consider a successive habeas petition for the conviction at issue in this action. Without such an order, the Court lacks jurisdiction to consider the successive claims. *See* § 2244(b)(3)(A); *Gilreath v. State Bd. of Pardons & Paroles*, 273 F.3d 932, 933-34 (11th Cir. 2001) (per curiam). Thus, even if the Magistrate Judge had construed Petitioner's petition as a second or successive petition, it would still be subject to dismissal.

Furthermore, to the extent that Petitioner requires a certificate of appealability ("COA") to pursue any further appeal, the Court **DENIES** a COA. Petitioner has no absolute entitlement to an appeal. Before a habeas applicant may appeal a "final order adverse to the applicant," the district court must first issue a COA. *See* 28 U.S.C. § 2253(c)(1); 28 U.S.C. § 2254, Rule 11(a). If "the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim," a COA will not be issued unless the prisoner can show, at least, "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 478 (2000). The Court finds that reasonable jurists could not find that denial of leave to amend in this

case was debatable or wrong. Petitioner should therefore be **DENIED** a COA, to the extent a COA is necessary.[1]

Finally, to the extent it is necessary, the Court **DENIES** Plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 29). When the trial court certifies in writing that the appeal is not taken in good faith, an appeal may not be taken *in forma pauperis*. 28 U.S.C. § 1915(a)(3). "'[G]ood faith' . . . must be judged by an objective standard." *Coppedge v. United States*, 369 U.S. 438, 445 (1962). A party demonstrates good faith when he seeks review of a non-frivolous issue. *Id.*; *see also Morris v. Ross*, 663 F.2d 1032, 1033 (11th Cir. 1981). An issue "is frivolous if it is 'without arguable merit either in law or fact.'" *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002). "Arguable means being capable of being convincingly argued." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991) (per curiam) (quotation marks and citations omitted); *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (per curiam) ("[A] case is frivolous . . . when it appears the plaintiff 'has little or no chance of success.'") (citations omitted). "In deciding whether an [in forma pauperis] appeal is frivolous, a district court

---

[1]The Court notes that certain appeals, including an appeal of an order dismissing a petition as successive, may not require a COA. *See, e.g., Bolin v. Sec'y, Fla. Dep't of Corr.*, 628 F. App'x 728, 730 (11th Cir. 2016) (per curiam) (holding that "a dismissal of a successive habeas petition for lack of subject-matter jurisdiction does not constitute a 'final order in a habeas proceeding' for purposes of 28 U.S.C. § 2253(c). . . . Instead, such a dismissal is a 'final decision' pursuant to 28 U.S.C. § 1291 and a [Certificate of Appealability] is thus 'unnecessary. . .'" (quoting *Hubbard*, 379 F.3d at 1247 (affirming dismissal of successive habeas petition for lack of subject-matter jurisdiction)). *But see id.* at 731 (Carnes, C.J., concurring) (opining that *Hubbard* was wrongly decided and that a dismissal of a habeas petition for lack of subject matter jurisdiction should require a COA).

determines whether there is 'a factual and legal basis, of constitutional dimension, for the asserted wrong, however inartfully pleaded.'" *Sun*, 939 F.2d at 925 (citations omitted).

Although Petitioner does not clearly identify the issues he intends to appeal, this Court's review of the issues addressed in this case demonstrates that Petitioner's appeal is frivolous. *See Hyche v. Christensen*, 170 F.3d 769, 771 (7th Cir. 1999), *overruled on other grounds by Lee v. Clinton*, 209 F.3d 1025 (7th Cir. 2000) (explaining that the arguments to be advanced on appeal are often obvious and decisions regarding good faith can be made by looking at the "reasoning of the ruling sought to be appealed" instead of requiring a statement from the plaintiff). The appeal, therefore, is not brought in good faith. Petitioner has raised no issues with arguable merit, and his motion to proceed *in forma pauperis* (ECF No. 29) is **DENIED** on this basis.[2]

**SO ORDERED**, this 16th day of November, 2018.

                      s/Marc T. Treadwell
                      MARC T. TREADWELL, JUDGE
                      UNITED STATES DISTRICT COURT

---

[2] The Court also notes that it concluded above that Petitioner failed to make a substantial showing of the denial of a constitutional right and accordingly denied a COA. Because this Court has held that Petitioner is not entitled to a COA, his motion to proceed *in forma pauperis* on appeal would be moot to the extent a COA is required to appeal the rulings in this case.